**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**June 6, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: **E.Z., A.Z., J.Z., C.Z., and T.Z.**

**No. 16-0142** (Randolph County 14-JA-24, 14-JA-25, 14-JA-26, 14-JA-27, & 14-JA-28)

**MEMORANDUM DECISION**

Petitioner Father B.Z., by counsel Jeremy B. Cooper, appeals the Circuit Court of Randolph County's January 12, 2016, order terminating his parental rights to E.Z., A.Z., J.Z., C.Z., and T.Z.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem, Heather M. Weese, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred in denying his motions for improvement periods and in terminating his parental rights where the DHHR failed to provide him with services designed to remedy the conditions of abuse and neglect.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2014, the DHHR filed an abuse and neglect petition against petitioner and the mother. According to the petition, the parents' two female children, E.Z. and J.Z., were sexually abused by two older juvenile cousins. The petition further alleged that the parents were aware of the abuse but failed to protect the children from the ongoing acts. The petition also alleged that the parents repeatedly engaged in domestic violence in the children's presence, failed to provide

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

a stable home for the children, and failed to meet their physical, medical, and educational needs. Petitioner, thereafter, waived his right to a preliminary hearing.

During an adjudicatory hearing in November of 2014, petitioner stipulated to adjudication by admitting that he exposed the children to domestic violence and failed to protect his daughters "by not taking sufficient measures in response to allegations of sexual abuse" perpetrated against them. Petitioner also admitted that he failed to provide the children with a stable home and to meet their physical and medical needs. During the hearing, petitioner moved for a post-adjudicatory improvement period. The circuit court ordered that petitioner would first need to undergo a psychological evaluation. The evaluation eventually returned a "guarded" prognosis in regard to petitioner's ability to improve his parenting. Further, the evaluator noted that petitioner's "willingness to accept responsibility and engage in the process" would be the best indicator of his potential to remedy the conditions of abuse and neglect.

In August of 2015, the circuit court held an evidentiary hearing on petitioner's motion for an improvement period, during which petitioner testified – in spite of his prior stipulation – that he could not recall his daughters telling him they were sexually abused and that he did not know if the abuse actually occurred. Petitioner specifically testified that he was present when the abuse was alleged to have occurred but that he did not see anything, so he concluded that the abuse never happened. Additionally, at the time of the hearing, petitioner was living with his grandmother in a home in close proximity to the cousins alleged to have sexually abused the children. Petitioner even admitted that the cousins frequently visited the home. As such, the parties expressed concerns about the potential for further abuse. The DHHR then presented evidence that petitioner had an extensive history of involvement with Child Protective Services ("CPS"). In fact, according to a DHHR employee's testimony, petitioner had an ongoing CPS case for at least seven years. Over the course of that time, petitioner was provided extensive services, yet he continued to abuse and neglect his children. The employee further testified that, despite the lengthy proceedings and the children's disclosures, petitioner continued to unequivocally deny the sexual abuse. Ultimately, the circuit court denied petitioner's motion.

In September and October of 2015, the circuit court held dispositional hearings, during which petitioner objected to the DHHR's case plan because he alleged it had not implemented a treatment plan. Petitioner additionally moved for an improvement period as disposition. Both the DHHR and the guardian argued that petitioner had received all available services with no success. The circuit court then denied petitioner's motion and terminated his parental rights to the children. It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire

2

evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

To begin, we find no error in the circuit court's denial of petitioner's motions for a post-adjudicatory improvement period or an improvement period as disposition. In support of this argument, petitioner asserts that he established he was likely to fully participate in an improvement period, as evidenced by the many hours he spent visiting his children and the distance he had to travel to attend the visits. Petitioner further alleges that the DHHR even admitted he was likely to participate if granted an improvement period. Upon our review, however, the Court finds that petitioner failed to satisfy the applicable burden to obtain an improvement period.

Pursuant to both West Virginia Code § 49-4-610(2)(B) and (3)(B), a circuit court may grant a parent an improvement period upon a showing that the parent "is likely to fully participate in the improvement period . . . ." While it is true that petitioner visited with the children extensively and that the DHHR stated it believed he would likely comply with an improvement period, the Court nonetheless finds no abuse of discretion in the circuit court denying petitioner's motions due to his failure to acknowledge the conditions of abuse and neglect in the home. At both the hearing on petitioner's motion for a post-adjudicatory hearing and the dispositional hearing, petitioner clearly stated that he did not believe that his daughters were sexually abused. Specifically, at the hearing in August of 2015 regarding the post-adjudicatory improvement period, petitioner indicated that he did not remember his daughters making any disclosure to him regarding sexual abuse and that he "[did not] know if it's true or not." At the final dispositional hearing, the circuit court reiterated that petitioner continued to exhibit "a repeated refusal . . . to accept the fact that the abuse had taken place."

We have previously held that

[i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). While petitioner argues that he accepted responsibility by stipulating to his failure to protect the children at adjudication, the Court finds that the record contradicts this assertion. Despite petitioner's stipulation, the record is clear that

he failed to accept responsibility for his abuse by denying the truth of the allegations. Moreover, petitioner's psychological evaluation further established that he was unlikely to fully comply with the terms of an improvement period. The evaluation returned a "guarded" prognosis for petitioner's improvement and indicated that his ability to correct the conditions of abuse and neglect turned on whether he would accept responsibility for his daughters' abuse. However, petitioner failed to acknowledge the truth of his daughters' abuse simply because he did not witness it occur. As such, it is clear that the circuit court did not err in denying petitioner's motions for improvement periods.

Next, the Court finds no error in the circuit court proceeding to termination of petitioner's parental rights absent additional services that petitioner argues were required. In support of this argument, petitioner asserts that the DHHR failed to implement services designed to remedy the conditions of abuse and neglect and that the DHHR's case plan included services that it was unable to offer. However, petitioner's argument is without merit for two reasons. First, petitioner admits that the DHHR did provide him services, including supervised visitation and a psychological evaluation. Second, petitioner was clearly not entitled to services as a result of subjecting the children to aggravated circumstances. Although the circuit court did not expressly find aggravated circumstances below, it did make the finding that he allowed his daughters to be sexually abused in the home, as petitioner admitted in his written stipulation. As such, the record supports a finding that petitioner subjected the children to sexual abuse.

Pursuant to West Virginia Code § 49-4-604(b)(7)(A), the DHHR is not required to make reasonable efforts to preserve the family

> if the court determines . . . [t]he parent has subjected the child, another child of the parent or any other child residing in the same household or under the temporary or permanent custody of the parent to aggravated circumstances which include, but are not limited to, . . . sexual abuse[.]

On appeal, petitioner argues that aggravated circumstances do not apply to his case because the DHHR did not allege the same and because he did not perpetrate the sexual abuse upon his daughters. The Court, however, does not agree. First, the DHHR's allegations against petitioner are irrelevant to the issue of aggravated circumstances, as the statute above clearly states that the circuit court is the entity that determines if such circumstances are present. Second, the record is clear that petitioner's failure to act on disclosures of sexual abuse from his daughters resulted in them being subjected to continued sexual abuse by their cousins. That petitioner was not the perpetrator of that abuse does not change the fact that he subjected the children to sexual abuse by his failure to protect them. According to the children, they disclosed abuse by their cousins to petitioner, yet he allowed the cousins ongoing access to the children that resulted in continued sexual abuse. While the circuit court did not make a finding as to aggravated circumstances in the proceedings below, it is clear that the evidence supported such a finding. As such, we find that petitioner was not entitled to services pursuant to West Virginia Code § 49-4-604(b)(7)(A), and, accordingly, we deny him relief in regard to his assignments of error based upon an alleged failure to provide the same.

Further, the Court finds that termination of petitioner's parental rights was appropriate. The circuit court specifically found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the home and that termination of his parental rights was necessary for the children's welfare. Pursuant to West Virginia Code § 49-4-604(c)(3), there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected when

> [t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child[.]

As noted above, petitioner failed to even acknowledge the truth of the allegations regarding the children's abuse. As such, it is clear that he was unable to participate in, let alone follow through with, any plan designed to return the children to his care. For these reasons, the circuit court was required to terminate petitioner's parental rights upon these findings pursuant to West Virginia Code § 49-4-604(a)(6).

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 12, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**: June 6, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II